UNITED STATES BANKRUPTCY COURT
DISTRICT OF NEW JERSEY

**Caption in Compliance with D.N.J. LBR 9004-1(b)**

MANDELBAUM BARRETT PC
3 Becker Farm Road, Suite 105
Roseland, New Jersey 07068
Ph.: 973-736-4600
Fax: 973-736-4670
Vincent J. Roldan
vroldan@mblawfirm.com

Proposed attorneys for Bakers Depot LLC

Case No. 23-17425

Chapter 11

In re

Bakers Depot LLC

                          Debtor.

## APPLICATION FOR AN ORDER APPROVING THE RETENTION OF MANDELBAUM BARRETT PC AS BANKRUPTCY COUNSEL PURSUANT TO 11 U.S.C. § 327 NUNC PRO TUNC TO AUGUST 25, 2023

Bakers Depot LLC, the within debtor and debtor-in-possession (the "Debtor"), as and for its Application for an Order Approving the Retention of Mandelbaum Barrett PC ("Mandelbaum") as counsel to the Debtor Nunc Pro Tunc to August 25, 2023 Pursuant to 11 U.S.C. § 327 (the "Application") substantially in the form of order attached hereto as Exhibit A, respectfully represents:

## INTRODUCTION AND BACKGROUND

1.     On August 25, 2023 (the "Petition Date"), the Debtor filed a voluntary petition for relief in this Court pursuant to Chapter 11 of Title 11, United States Code (the "Bankruptcy Code").  Debtor remains in possession of its assets and continues management of its business as

1

a debtor-in-possession pursuant to §§ 1107 and 1108 of the Bankruptcy Code.

2.      No party has requested the appointment of an examiner in this Chapter 11 case, and no committees have been appointed or designated.

3.      On September 1, 2023, the United States Trustee appointed Mark Hall as Subchapter V Trustee.

## JURISDICTION

4.      This Court has jurisdiction over the Application pursuant to 28 U.S.C. §§ 1334 and 157(b). This is a "core" proceeding pursuant to 28 U.S.C. § 157(b)(2)(A) and (O).

5.      Venue is proper in this Court pursuant to 28 U.S.C. §§ 1408 and 1409.

6.      The statutory bases for the relief requested herein are §§ 327(a) and 330 of Title 11 of the United States Code (the "<u>Bankruptcy Code</u>"), Rules 2014(a) and 2016 of the Federal Rules of Bankruptcy Procedure (the "<u>Bankruptcy Rules</u>"), and Rules 2014-1 and 2016-1 of the Local Bankruptcy Rules for the District of New Jersey (the "<u>Local Rules</u>").

## RELIEF REQUESTED

8.      By this Application, the Debtor seeks entry of an order authorizing the retention and employment of Mandelbaum as its attorneys in accordance with the terms and conditions set forth in the engagement letter between the Debtor and Mandelbaum signed on August 24, 2023 (the "<u>Engagement Letter</u>"), a copy of which is attached as Exhibit B hereto and incorporated herein by reference.

9.      In support of this Application, Debtor submits the declaration of Vincent J. Roldan, a partner at Mandelbaum (the "<u>Roldan Declaration</u>"), which is attached as Exhibit C hereto.  In addition Debtor submits a "Lar Dan" declaration of Brian Negron, President.

10.     The Debtor has selected Mandelbaum because of the firm's considerable experience in Chapter 11 debtor representation, including SubChapter V. As set forth in the Declaration of Vincent J. Roldan accompanying this Application, Mandelbaum was retained prior to the Petition Date due to its experience in those matters. The Debtor believes Mandelbaum is duly qualified to represent it as a debtor-in-possession in this proceeding in an efficient and timely manner, and the services of Mandelbaum are necessary and essential to the Debtor's performance of its duties as a debtor-in possession.

## SERVICES TO BE PROVIDED

11.     The Debtor wishes to retain Mandelbaum as its general bankruptcy counsel in this matter, effective August 25, 2023, to perform the following legal services:

(a)   advise the Debtor of its rights, powers, and duties as a debtor-in-possession in continuing to operate and manage its business and assets;

(b)   advise and consult Debtor on the conduct of this Chapter 11 case, including all of the legal and administrative requirements of operating in Chapter 11;

(c)   attend meetings and negotiations with representatives of creditors and other parties-in-interest;

(d)   taking all necessary actions to protect and preserve Debtor's estate, including prosecuting actions on Debtor's behalf, defending any action commenced against Debtor, and representing Debtor in negotiations concerning litigation in which Debtor is involved, including objections to claims filed against Debtor's estate;

(e)   review the nature and validity of agreements relating to Debtor's business and property and advise the Debtor in connection therewith (including negotiation of any modification or termination of the Debtor's collective bargaining agreements);

(f)   review the nature and validity of liens, if any, asserted against Debtor and advise as to the enforceability of such liens;

3

(g)  advise Debtor concerning the actions Debtor might take to collect and recover property for the benefit of its estate;

(h)  prepare on Debtor's behalf all necessary and appropriate applications, Applications, pleadings, orders, notices, petitions, schedules, and other documents, and review all financial and other reports to be filed in the Debtor's Chapter 11 case;

(i)  advise Debtor concerning, and preparing responses to, applications, Applications, pleadings, notices, and other papers which may be filed in the Debtor's Chapter 11 case;

(j)  representing Debtor in connection with obtaining authority to continue using cash collateral and post-petition financing;

(k)  appear before the Court and any appellate courts to represent the interests of Debtor's estate;

(l) advise Debtor concerning tax matters;

(m) advising Debtor in connection with any potential sale of assets;

(n)  counsel Debtor in connection with formulation, negotiation and promulgation of a Chapter 11 Plan;

(o) and litigation with respect to competing plans; and

(p)  perform all other legal services for and on behalf of the Debtor which may be necessary or appropriate in the administration of its Chapter 11 case.

## PROFESSIONAL COMPENSATION

12.   Mandelbaum intends to apply for compensation for professional services rendered on an hourly basis and reimbursement of expenses incurred in connection with this Chapter 11 case, subject to the Court's approval and in compliance with applicable provisions of the Bankruptcy Code, the Bankruptcy Rules, the Local Rules, the guidelines established by the

4

Office of the United States Trustee for Region 3 (the "U.S. Trustee Guidelines"), and any other applicable procedures and orders of the Court.

13.     Mandelbaum's hourly rates are set at a level designed to compensate Mandelbaum fairly for the work of its attorneys and paralegals and to cover fixed and routine overhead expenses. Hourly rates vary with the experience and seniority of the individuals assigned. These hourly rates are subject to periodic adjustments to reflect economic and other conditions. Mandelbaum's current rates are as follows:

<u>Rates</u>

| | |
|---|---|
| Partners | $450.00 - $725.00 |
| Associates | $275.00 - $450.00 |
| Paralegals | $100.00 - $280.00 |

14.     It is Mandelbaum's policy to charge its clients in all areas of practice for identifiable, non-overhead expenses incurred in connection with the client's case that would not have been incurred except for representation of that particular client. It is also Mandelbaum's policy to charge its clients only the amount actually incurred by Mandelbaum in connection with such items. Examples of such expenses include postage, overnight mail, courier delivery, transportation, overtime expenses, computer-assisted legal research, photocopying, outgoing facsimile transmissions, airfare, meals, and lodging. Overtime expenses for which reimbursements are sought will not include overtime expenses of non-professional or paraprofessional staff.

**COMPENSATION RECEIVED BY MANDELBAUM FROM DEBTOR**

15.　　As set forth in the Roldan Declaration, on August 25, 2023, the Debtor (through its sole member Brian Negron) paid Mandelbaum $75,000 as a retainer.　As of the Petition Date, the Debtor did not owe Mandelbaum any money.

16.　　Pursuant to Bankruptcy Rule 2016(b), Mandelbaum has not shared nor agreed to share any compensation it has received or may receive from Debtor with another party or person, other than with the attorneys associated with Mandelbaum or any compensation another person or party has received or may receive.

**MANDELBAUM IS DISINTERESTED IN THIS CHAPTER 11 CASE**

17.　　The Roldan Declaration describes the relationships, if any, that Mandelbaum has with creditors of Debtor and other interested parties. As set forth in the Roldan Declaration, Mandelbaum does not hold or represent any interest adverse to Debtor, its creditors or Debtor's estate, and is a disinterested person within the meaning of § 101(14) of the Bankruptcy Code.

18.　　Mandelbaum will review its files periodically during the pendency of this Chapter 11 case to ensure that no conflicts or other disqualifying circumstances exist or arise. If any new relevant facts or relationships are discovered or arise, Mandelbaum will use reasonable efforts to identify such further developments and will promptly file a supplemental declaration, as required by Bankruptcy Rule 2014(a).

**SUPPORTING AUTHORITY**

19.　　The Debtor seeks to retain Mandelbaum as its attorneys pursuant to § 327(a) of the Bankruptcy Code, which provides that a debtor, subject to Court approval:

[M]ay employ one or more attorneys, accountants, appraisers, auctioneers,

or other professional persons, that do not hold or represent an interest adverse to the estate, and that are disinterested persons, to represent or assist the [debtor] in carrying out the [debtor]'s duties under this title.

11 U.S.C. § 327(a).

20.     Bankruptcy Rule 2014(a) requires that an Application for retention include:

[S]pecific facts showing the necessity for the employment, the name of the [firm] to be employed, the reasons for the selection, the professional services to be rendered, any proposed arrangement for compensation, and, to the best of the applicant's knowledge, all of the [firm's] connections with the debtor, creditors, any other party in interest, their respective attorneys and accountants, the United States trustee, or any person employed in the office of the United States trustee.

Fed. R. Bankr. P. 2014.

21.     Debtor submits that for all the reasons stated above and in the Roldan Declaration, the retention and employment of Mandelbaum as its counsel is warranted.  Further, as stated in the Roldan Declaration, Mandelbaum is a "disinterested person" within the meaning of § 101(14) of the Bankruptcy Code, as required by § 327(a) of the Bankruptcy Code, and does not hold or represent an interest adverse to Debtor's estate and has no connection to Debtor, its creditors, or other parties-in-interest, except as may be disclosed in the Roldan Declaration.

## **NOTICE**

22.     Notice of this Application has been provided to: (a) the Office of the United States Trustee for the District of New Jersey; (b) the Subchapter V Trustee, and (c) those parties who filed a notice of appearance. The Debtor submits that no other or further notice need be provided.

## NO PRIOR REQUEST

23.    No prior request for the relief sought in this Application has been made to this or

any other court.

**WHEREFORE**, the Debtor respectfully requests that the Court enter an Order granting

the Application and such other relief as the Court deems just and proper under the circumstances.

Dated: Roseland, New Jersey
       September 7, 2023

Respectfully submitted,


By: ___/s/ Brian Negron_____

        President
        Bakers Depot LLC

**EXHIBIT A**

**Proposed Order**

| | |
|---|---|
| UNITED STATES BANKRUPTCY COURT<br>DISTRICT OF NEW JERSEY<br><br>**Caption in Compliance with D.N.J. LBR<br>9004-1(b)**<br><br>MANDELBAUM BARRETT PC<br>3 Becker Farm Road, Suite 105<br>Roseland, New Jersey 07068<br>Ph.: 973-736-4600<br>Fax: 973-736-4670<br>Vincent J. Roldan<br>vroldan@lawfirm.ms<br><br>Attorneys for Bakers Depot LLC | Case No. 23-17425<br><br>Chapter 11 |
| In re<br><br>Bakers Depot LLC<br>                      Debtor. | |

## ORDER APPROVING THE RETENTION OF MANDELBAUM BARRETT PC AS BANKRUPTCY COUNSEL PURSUANT TO 11 U.S.C. § 327

The relief set forth on the following page, numbered 2-4, is hereby ORDERED

Upon the application (the "Application") of the Debtor for entry of an order (this "Order") authorizing the Debtor to retain and employ Mandelbaum Barrett PC ("Mandelbaum") as its attorneys effective *nunc pro tunc* to August 25, 2023; and the Court having reviewed the Application, the Declaration of Vincent J. Roldan (the "Roldan Declaration"); and the Court having found that it has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334; and the Court having found that the Application is a core proceeding pursuant to 28 U.S.C. § 157(b)(2); and the Court having found that venue of this proceeding and the Application in this district is proper pursuant to 28 U.S.C. §§ 1408 and 1409; and the Court having found based on the representations made in the Application and in the Roldan Declaration that (a) Mandelbaum does not hold or represent an interest adverse to the Debtor's estate and (b) Mandelbaum is a "disinterested person" as defined in § 101(14) of the Bankruptcy Code and as required by § 327(a) of the Bankruptcy Code; and the Court having found that the relief requested in the Application is in the best interests of the Debtor's estate, its creditors, and other parties-in-interest; and the Court having found that the Debtor provided adequate and appropriate notice of the Application; and that no other or further notice is required; and the Court having reviewed the Application and having heard statements in support of the Application at a telephonic hearing held before the Court on _____, 2023 (the "Hearing"); and the Court having determined that the legal and factual bases set forth in the Application and at the Hearing establish just cause for the relief granted herein; and any objections to the relief requested herein having been withdrawn or overruled on the merits; and after due deliberation and sufficient cause appearing therefore,

2

**IT IS HEREBY ORDERED THAT:**

1.      The Application is granted to the extent set forth herein.

2.      The Debtor is authorized to retain and employ Mandelbaum as its attorneys *nunc pro tunc* to August 25, 2023 in accordance with the terms and conditions set forth in the Application and in the Engagement Letter attached to the Application as Exhibit B.

3.      Mandelbaum is authorized to provide the Debtor with the professional services as described in the Application and the Engagement Letter.

4.      Mandelbaum shall apply for compensation for professional services rendered and reimbursement of expenses incurred in connection with the Debtor's Chapter 11 case in compliance with §§ 330 and 331 of the Bankruptcy Code and applicable provisions of the Bankruptcy Rules, District of New Jersey Local Bankruptcy Rules, U.S. Trustee Guidelines, and any other applicable procedures and orders of the Court.

5.      Mandelbaum shall provide ten (10) business days notice to the Debtor, the U.S. Trustee, and any official committee before any increases in the rates set forth in the Application or the Engagement Letter are implemented and shall file such notice with the Court. The U.S. Trustee retains all rights to object to any rate increase on all grounds, including the reasonableness standard set forth in § 330 of the Bankruptcy Code, and the Court retains the right to review any rate increase pursuant to § 330 of the Bankruptcy Code.  Mandelbaum shall not withdraw as Debtor's counsel before the effective date of any Chapter 11 plan confirmed in this Chapter 11 case without prior approval of the Court.

6.      The Debtor and Mandelbaum are authorized to take all actions necessary to effectuate the relief granted pursuant to this Order in accordance with the Application

7.      Notice of the Application as provided therein is deemed to be good and sufficient notice of such Application, and the requirements of the D.N.J. Local Bankruptcy Rules are satisfied by the contents of the Application.

8.      To the extent the Application, the Roldan Declaration or the Engagement Letter is inconsistent with this Order, the terms of this Order shall govern.

9.      The terms and conditions of this Order shall be immediately effective and enforceable upon its entry.

10.     The Court retains jurisdiction with respect to all matters arising from or related to the implementation of this Order.

**<u>EXHIBIT B</u>**


**Engagement Letter**

**EXHIBIT C**

**Roldan Declaration**

UNITED STATES BANKRUPTCY COURT
DISTRICT OF NEW JERSEY

**Caption in Compliance with D.N.J. LBR 9004-1(b)**

MANDELBAUM BARRETT PC
3 Becker Farm Road, Suite 105
Roseland, New Jersey 07068
Ph.: 973-736-4600
Fax: 973-736-4670
Vincent J. Roldan
vroldan@lawfirm.ms

Proposed attorneys for Bakers Depot LLC

Case No. 23-17425

Chapter 11

In re

Bakers Depot LLC

Debtor.

**DECLARATION OF VINCENT J. ROLDAN IN SUPPORT OF THE DEBTOR'S
APPLICATION FOR ENTRY OF AN ORDER AUTHORIZING THE RETENTION OF
MANDELBAUM BARRETT PC AS BANKRUPTCY COUNSEL
EFFECTIVE *NUNC PRO TUNC* TO AUGUST 25, 2023**

I, Vincent J. Roldan, declare, certify, verify and/or state under penalty of perjury of the laws of the United States of America, pursuant to 28 U.S.C. §1746, as follows:

1.      I am a partner in the law firm of Mandelbaum Barret PC ("Mandelbaum"), located at 3 Becker Farm Road, Roseland, New Jersey 07068. I am a member in good standing of the Bar of the State of New Jersey, and I have been admitted to practice in the United States Bankruptcy Court for the District of New Jersey. There are no disciplinary proceedings pending against me.

1

2.      I submit this declaration in support of the Debtor's Application for Entry of an Order Authorizing the Retention and Employment of Mandelbaum as Attorneys for the Debtor Effective *Nunc Pro Tunc* to August 25, 2023 (the "Application").  Except as otherwise noted, I have personal knowledge of the matters set forth herein.

## MANDELBAUM'S QUALIFICATIONS

3.      The Debtor seeks to retain Mandelbaum because of Mandelbaum's extensive experience and knowledge in the field of Chapter 11 debtor representation, including SubChapter V.

4.      I believe that Mandelbaum is both well-qualified and uniquely able to represent the Debtor in this Chapter 11 case in an efficient and timely manner.

## SERVICES TO BE PROVIDED

5.      Subject to further order of the Court and consistent with the engagement letter signed on August 25, 2023 (the "Engagement Letter"), a copy of which is attached as Exhibit B to the Application, the Debtor retained Mandelbaum to render, without limitation, the following legal services:

(a)      advise the Debtor of his rights, powers, and duties as a debtor-in-possession in continuing to operate and manage his business and assets;

(b)      advise and consult Debtor on the conduct of this Chapter 11 case, including all of the legal and administrative requirements of operating in Chapter 11;

(c)      attend meetings and negotiations with representatives of creditors and other parties-in-interest;

(d)      taking all necessary actions to protect and preserve Debtor's estate, including prosecuting actions on Debtor's behalf, defending any action commenced against Debtor, and representing Debtor in negotiations concerning litigation in which Debtor is involved, including objections to claims filed against Debtor's estate;

2

(e)     review the nature and validity of agreements relating to Debtor's business and property and advise the Debtor in connection therewith (including negotiation of any modification or termination of the Debtor's collective bargaining agreements);

(f)     review the nature and validity of liens, if any, asserted against Debtor and advise as to the enforceability of such liens;

(g)     advise Debtor concerning the actions Debtor might take to collect and recover property for the benefit of his estate;

(h)     prepare on Debtor's behalf all necessary and appropriate applications, motions, pleadings, orders, notices, petitions, schedules, and other documents, and review all financial and other reports to be filed in the Debtor's Chapter 11 case;

(i)     advise Debtor concerning, and preparing responses to, applications, motions, pleadings, notices, and other papers which may be filed in the Debtor's Chapter 11 case;

(j)     representing Debtor in connection with obtaining authority to continue using cash collateral and post-petition financing;

(k)     appear before the Court and any appellate courts to represent the interests of Debtor's estate;

(l)     advise Debtor concerning tax matters;

(m)     advising Debtor in connection with any potential sale of assets;

(o)     and litigation with respect to competing plans; and

(p)     perform all other legal services for and on behalf of the Debtor which may be necessary or appropriate in the administration of his Chapter 11 case.

## PROFESSIONAL COMPENSATION

6.     Mandelbaum intends to apply for compensation for professional services rendered on an hourly basis and reimbursement of expenses incurred in connection with this chapter 11 case, subject to the Court's approval and in compliance with applicable provisions of the Bankruptcy Code, the Bankruptcy Rules, the Local Rules, the guidelines established by the

Office of the United States Trustee for Region 3 (the "U.S. Trustee Guidelines"), and any other applicable procedures and orders of the Court.

7.      Mandelbaum's hourly rates are set at a level designed to compensate Mandelbaum fairly for the work of his attorneys and paralegals and to cover fixed and routine overhead expenses. Hourly rates vary with the experience and seniority of the individuals assigned. These hourly rates are subject to periodic adjustments to reflect economic and other conditions, though I do not believe the rates will increase during the course of this bankruptcy case.  Mandelbaum's current rates are as follows:

<u>Rates</u>

| | |
|---|---|
| Partners | $450.00 - $725.00 |
| Associates | $275.00 - $450.00 |
| Paralegals | $100.00 - $280.00 |

8.      It is Mandelbaum's policy to charge its clients in all areas of practice for identifiable, non-overhead expenses incurred in connection with the client's case that would not have been incurred except for representation of that particular client. It is also Mandelbaum's policy to charge its clients only the amount actually incurred by Mandelbaum in connection with such items. Examples of such expenses include postage, overnight mail, courier delivery, transportation, overtime expenses, computer-assisted legal research, photocopying, outgoing facsimile transmissions, airfare, meals, and lodging.

## COMPENSATION RECEIVED FROM DEBTOR

9.      On August 25, 2023 the Debtor (through its sole member Brian Negron) paid Mandelbaum a $75,000 as a retainer.  As of the Petition Date, the Debtor did not owe Mandelbaum any money.

4

10.     Pursuant to Bankruptcy Rule 2016(b), Mandelbaum has not shared or agreed to share any compensation it has received or may receive with another party or person, other than with the partners, associates, and contract attorneys associated with Mandelbaum or any compensation another person or party has received or may receive.

### MANDELBAUM IS DISINTERESTED IN THIS CHAPTER 11 CASE

11.     In preparing this Affidavit, attorneys and staff of Mandelbaum performed a conflict of interest search to identify any actual or potential conflicts of interest. The conflict check included a list of all of Debtor's creditors (the "Entity List")

12.     Based on the result of that search and by making general and, when applicable, specific inquiries of Mandelbaum personnel, and Mandelbaum's electronic database, insofar as I have been able to ascertain after diligent inquiry, neither I, nor Mandelbaum, nor any member or associate of the firm have any connection with the Debtor or any parties on the List except as follows:

> a.  The SubChapter V Trustee, Mark Hall is a partner at the firm Fox Rothschild LLP.  Another partner at Fox Rothschild, Paul A. Rosenthal, is the son of Jeffrey M. Rosenthal, a partner at Mandelbaum Barrett.  The Debtor does not expect either Paul A. Rosenthal or Jeffrey M. Rosenthal to be involved in this case.

13.     Mandelbaum does not hold or represent any interests adverse to the Debtor, its creditors or his estate, and is a disinterested person within the meaning of 11 U.S.C. § 101(14) in that Mandelbaum, its members, counsel and associates:

(a)     are not creditors, equity security holders or insiders of the Debtor;

(b)     are not and were not, within two years before the Filing Date, a director, officer, or employee of the Debtor; and

(c)     does not have an interest materially adverse to the interest of the estate or of any class of creditors or equity security holders, by reason of any direct or indirect relationship to, connection with, or interest in, the debtor.

14.     Mandelbaum will review its files periodically during the pendency of this Chapter 11 case to ensure that no conflicts or other disqualifying circumstances exist or arise. If any new relevant facts or relationships are discovered or arise, Mandelbaum will use reasonable efforts to identify such further developments and will promptly file a supplemental declaration, as required by Bankruptcy Rule 2014(a).

15.     Pursuant to § 504 of the Bankruptcy Code, no agreement or understanding exists between Mandelbaum or any other person to share any compensation or reimbursement of expenses to be paid to Mandelbaum in this proceeding.

16.     Based on the conflicts search conducted to date and described herein, to the best of my knowledge at this time, Mandelbaum has no connection with the Debtor, its creditors or any other party-in-interest.

*I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct.*

Dated:  Roseland, New Jersey
       September 7, 2023

                                                  /s/ Vincent J. Roldan
                                                  VINCENT J. ROLDAN

# Entity List

<u>Debtor and related parties</u>
Bakers Depot LLC
Brian Negron
JB Freight LLC
Jose Negron Jr

<u>Creditors</u>
BAKEMARK USA LLC
KC GLOBAL NETWORKING INC
INSTANTWHIP NY DISTRIBUTORS
BAKERS DEPOT MIAMI LLC
COLE SCHOTZ P. C.
BUNGE
PENNANT INGREDIENTS INC.
GENERAL MILLS
VALORES ALIMENTICIOS
DAVID ROSEN COMPANY
TOTAL QUALITY LOGISTICS
HONOR FOODS
MITLITSKY EGGS LLC.
LALLEMAND BAKING
SOUTHERN CHAMPION TRAY
KB INGREDIENTS- EUROGERM KB LLC
INTERNATIONAL COCONUT CORP.
IMPERIAL DADE
EFCO PRODUCTS, INC.
MCM FOOD CORP
HANAN PRODUCTS CO., INC.

**Caption in Compliance with D.N.J. LBR
9004-1(b)**

MANDELBAUM BARRETT PC
3 Becker Farm Road, Suite 105
Roseland, New Jersey 07068
Ph.: 973-736-4600
Fax: 973-736-4670
Vincent J. Roldan
vroldan@mblawfirm.com

Proposed attorneys for Bakers Depot LLC

Case No. 23-17425

Chapter 11

In re

Bakers Depot LLC
                              Debtor.

### DECLARATION OF BRIAN NEGRON

I, Brian Negron, declare, certify, verify and/or state under penalty of perjury of the laws of the United States of America, pursuant to 28 U.S.C. §1746, as follows:

1.      I am the President of Bakers Depot LLC (the "Debtor").

2.      I submit this declaration (the "Declaration") in support of Debtor's application to retain Mandelbaum Barrett PC as bankruptcy counsel. I am familiar with the facts and circumstances as recited herein. If called upon to testify, I could and would testify competently to the facts set forth herein

3.      Prior to the Debtors' bankruptcy filing, I personally funded Mandelbaum's $75,000 retainer.

4.      I understand that Mandelbaum represents the Debtor, not me personally. Mandelbaum's undivided loyalty is to its clients.

5.      I had an opportunity to choose independent legal counsel with respect to this arrangement, and chose not to.

6.      Mandelbaum has not represented me in my individual capacity in the past. Mandelbaum will provide no services to me personally while the bankruptcy is pending.


I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct.

Dated:  September 7, 2023

_____/S/ Brian Negron_____
              BRIAN NEGRON

4859-9928-9982, v. 1